963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee BOLES, Jr., Petitioner-Appellant,
v.
Robert REDMAN, Warden, Respondent-Appellee.
 No. 92-1036.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Robert Lee Boles appeals the district court's order dismissing his 28 U.S.C. § 2254 state petition for a writ of habeas corpus. A jury convicted Boles of first-degree murder; he received a non-parolable life sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Boles claims that he was denied effective assistance of appellate counsel during his appeals of right to the Michigan Court of Appeals, that the trial court prevented him from attending an evidentiary hearing, which was held to determine whether a res gestae witness's testimony would have helped him, and that his conviction was the result of confessions obtained in violation of his privilege against self-incrimination.
 
 
 3
 Upon review of the magistrate's report and recommendation, the district court dismissed the petition as a successive petition and as an abuse of the writ. See McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991) and Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 4
 On appeal, Boles argues that the district court incorrectly dismissed his petition, and that the district court judge did not make a proper de novo determination of the portions of the report or specified proposed recommendations to which objection was made contrary to the requirements of 28 U.S.C. § 636(b)(1).
 
 
 5
 Upon consideration, we affirm the district court's order for the reasons stated in its Opinion Adopting Report and Recommendation and Dismissing Habeas Petition entered December 13, 1991. Boles' claim that the district court judge did not satisfy the requirements of 28 U.S.C. § 636(b)(1) is meritless. See Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir.1986). Rule 9(b)(3), Rules of the Sixth Circuit.